UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KYRI NACOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:16-CR-00104-3-JRG-CLC |
| ) | 2:18-CV-00137-JRG-CLC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Kyri Nacos' Motion for Reconsideration of Leave for Permission to Have Former Counsel Answer Interrogatories [Doc. 242]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

On October 11, 2018, the Court denied Ms. Nacos' Motion to Have Former Counsel Answer Interrogatories Pursuant to Federal Rule of Civil Procedure 33 [Doc. 240], which she filed in support of her motion for relief under 28 U.S.C. § 2255. The Court denied Ms. Nacos' motion because Rule 33, which states that "a party may serve on any other party no more than 25 written interrogatories," does not apply to habeas corpus proceedings.[1] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) ("Rule 33 . . . is not applicable to habeas corpus proceedings[.]"); *Hoffa v. United States*, 471 F.2d 391, 394 (6th Cir. 1973) ("The *Harris* case held that the interrogatory provision of Rule 33 . . . was not available to a petitioner for habeas corpus."); *see also* Fed. R.

---

[1] "[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Davis v. United States*, 417 U.S. 333, 343 (1974).

Civ. P. 33(a)(1) (allowing for service of interrogatories "on any other *party*" (emphasis added)). Ms. Nacos now moves for reconsideration of the Court's decision.

## II. LEGAL STANDARD

As an initial matter, the Court notes that Ms. Nacos does not specify the rule under which she is moving for reconsideration. A motion for reconsideration is normally "construed as [a] motion[] to alter or amend the judgment under Federal Civil Rule 59(e)," *In re Akron Cleveland Auto Rental, Inc.*, No. 89-3793, 1989 WL 148350, at *1 (6th Cir. Dec. 8, 1989) (citations omitted), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e); *see* Fed. R. Civ. P. 60(b) (allowing for reconsideration of "final" orders and judgments). The Court's denial of Ms. Nacos' request to serve interrogatories, however, does not constitute a judgment or final order. *See Thankachen v. State Farm Fire & Cas. Co.*, No. 09-13226, 2011 WL 2357888, at *1 (E.D. Mich. June 10, 2011) ("An order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978))). Rather, it is a non-final order or interlocutory order.

Although the Federal Rules of Civil Procedure do not expressly permit reconsideration of these types of orders, the Sixth Circuit has recognized that district courts may reconsider them under Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see Palmer v. Bagley*, 330 F. App'x 92, 105 (6th Cir. 2009) (observing, in in a habeas case, that a district court can revise a non-final order under Rule 54(b) "at any time prior to final judgment"). Rule 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

2

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citation and footnote omitted).

### III. ANALYSIS

In moving for reconsideration, Ms. Nacos directs the Court to cases in which other courts, inside and outside of this circuit, have permitted a habeas petitioner to serve interrogatories on former counsel, *see Tagliaferri v. United States*, 17 Civ. 3026 (RA) (GWG), 2018 WL 3752371, at *10 (S.D.N.Y. Aug. 8, 2018), and have treated answers to a habeas petitioner's interrogatories as evidence, *see In Re Bruce*, No. 12-5204, 2012 U.S. App. LEXIS 27161, at *6 (6th Cir. Dec. 21, 2012). With these cases, she appears to argue that the Court committed a clear error when it denied her request to propound interrogatories on her former counsel. In none of these cases, however, has a court acknowledged—or even mentioned—a habeas petitioner's right to serve interrogatories under Rule 33 *specifically*. Indeed, as the Court made clear when it denied Ms. Nacos' motion, "the 'broad discovery provisions' of the Federal Rules of Civil Procedure d[o] not apply in habeas corpus proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (quoting *Harris*, 394 U.S. at 295)); [*see* Order Denying Ms. Nacos' Mot., Doc. 241, at 1 (citing *Harris* as precedent for the denial of Ms. Nacos' motion)].

But the Court did not nearly go so far as to say that a habeas petitioner cannot serve interrogatories on former counsel under *any* circumstances. Ms. Nacos is correct in contending that courts sometimes permit habeas petitioners to do so in some cases, particularly in cases involving claims of ineffective assistance of counsel. *E.g.*, *Tagliaferri*, 2018 WL 3752371 at *9–

3

10. "The standard that governs the grant or denial of discovery in a habeas corpus action is contained in Rule 6 of the Rules Governing § 2254 Cases," *Simmons v. Simpson*, 3:07-CV-313-S, 2009 WL 4927679, at *3 (W.D. Ky. Feb. 12, 2009), which requires a petitioner to show "good cause" before she can be entitled to conduct discovery, Habeas R. 6(a); *see Bracy*, 520 U.S. at 904 ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Good cause exists "only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [s]he is . . . entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy*, 520 U.S. at 908–09).

As a habeas petitioner, Ms. Nacos cannot simply circumvent a showing of good cause under Rule 6 by moving straightaway for discovery under Rule 33; the satisfaction of Rule 6 is a prerequisite—the gateway, in fact—to a petitioner's right to access the Federal Rules of Civil Procedure. *See* Habeas R. 6(a) (providing that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure"). Yet Ms. Nacos failed even to mention Rule 6 in her motion and, in its place, she pegged Rule 33 as the "[s]tandard." [Pet'r's Mot., Doc. 240, at 2].[2]

Even if Ms. Nacos had made a proper motion under Rule 6 instead of Rule 33, she offers the Court no semblance of good cause for serving interrogatories on her former counsel. In her motion, she states only that "there are several discrepancies between what [former] counsel stated to the defendant and what the file shows." [*Id.*]. This conclusory assertion falls well outside of the type of specific allegation necessary for a showing of good cause under Rule 6. *See Williams*, 380 F.3d at 974 ("Conclusory allegations are not enough to warrant discovery under [Rule 6]; the

---

[2] Ms. Nacos, incidentally, is not acting strictly on a pro se basis. She has received legal assistance from a paralegal firm in drafting her motions in this case. [Pet'r's Mot. at 2].

4

petitioner must set forth specific allegations of fact." (quotation omitted)). Also, Ms. Nacos did not file proposed interrogatories as an accompaniment to her motion, despite Rule 6's mandate that she do so. *See* Habeas R. 6(b) ("A party requesting discovery . . . must also include any proposed interrogatories[.]").

Still, Ms. Nacos, in failing to meet Rule 6's legal standard and the legal standard for reconsideration, does not necessarily remain without the possibility of procuring evidence to buttress her cause. In habeas proceedings, the Court's usual practice, when a petitioner is able to raise *specific* allegations that may entitle her to relief for ineffective assistance of counsel, is to hold an evidentiary hearing. *See Bracy*, 520 U.S. at 904 (stating that "federal courts [have] the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require'" (quoting *Harris*, 394 U.S. at 299–300)); *see generally Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255." (citing *Machibroda v. United States*, 368 U.S. 487, 496 (1962); *Adkins v. United States*, 421 F.2d 692, 693 (6th Cir. 1970))).

But up to this point in the case, Ms. Nacos has filed only a perfunctory motion for relief under § 2255, [Pet'r's § 2255 Mot., Doc. 234], outlining nothing more than the case's procedural history and the law that governs § 2255 proceedings, [*id.* at 1–5]. At her request, the Court gave her additional time to file a comprehensive memorandum, [Order Granting Extension, Doc. 238], but she has yet to file it, and she has now requested a second extension, [Pet'r's Second Mot. Extension, Doc. 243]. In sum, the Court is without a specific legal and factual account of her position and is unable to determine, at this time, whether she is entitled to a hearing. The Court

5

must therefore reserve ruling on whether Ms. Nacos can muster the specific allegations necessary to demonstrate that she may, with fully developed facts, be entitled to relief under § 2255.

## IV. CONCLUSION

As the movant for reconsideration under Rule 54(b), Ms. Nacos fails to meet her burden in establishing that the Court committed a clear error when it denied her request to propound interrogatories on her former counsel. Her Motion for Reconsideration of Leave for Permission to Have Former Counsel Answer Interrogatories [Doc. 242] is therefore **DENIED**.

So ordered.

ENTER:

                                                    s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE